NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN A. THYMES, | No. 15-16050 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02377-EJD |
| v. | |
| EDMUND G. BROWN, Jr., Attorney General, individually and in his official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

John A. Thymes appeals pro se from the district court's judgment dismissing

his action alleging federal and state law violations brought in connection with a

property Thymes claims to own and his prior criminal conviction.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989). We affirm.

The district court properly dismissed Thymes' action because success on his claims would necessarily imply the invalidity of his prior criminal conviction, and thus his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (irrespective of the relief sought, *Heck* bars § 1983 claims which would necessarily imply the invalidity of a conviction, unless the plaintiff can show that the conviction has been invalidated).

We reject as unsupported by the record Thymes' contention that the district court violated his right to due process or erred regarding the default judgments Thymes requested.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Thymes' pending motions (Docket Entry Nos. 51, 52, 53) are denied.

**AFFIRMED.**

2                                                                15-16050